The People of the State of New York, Respondent, *v.* Gerhardt Julius Schwartz and Raymond W. Fisher, Appellants.

Fourth Department, November 12, 1958.

460

*Charles J. Hart* for appellants.

*John F. Dwyer, District Attorney (George R. Blair* of counsel), for respondent.

*Per Curiam.* The defendants appeal from a judgment of the County Court of Erie County convicting them of the crime of robbery in the third degree, entered on their plea of guilty to that crime as a reduced charge under an indictment which charged the defendants and one Daniel White with having committed robbery in the first degree. The indictment was returned on January 29, 1954. At that time, the defendants were being held in the Tioga County Jail on charges of crimes alleged to have been committed in that county. On February 9, 1954, the defendants pleaded guilty to the charges in Tioga County and were sentenced to Attica State Prison on February 11, 1954. Thereafter, on September 14, 1954, the defendants pleaded guilty to a charge of robbery in the first degree alleged to have been committed in Madison County. On December 6, 1954, they were sentenced to Attica State Prison on that conviction. Upon appeal from the Madison County convictions to the Appellate Division of the Third Department, the defendants were remanded to Madison County for resentence and were accordingly resentenced on June 13, 1956, the sentences to run concurrently with the Tioga County sentences.

In the meantime, Daniel White, who had been jointly indicted with the defendants, had been tried on the Tioga County and Madison County charges and had been acquitted. The defendants had testified as witnesses upon each of White's trials. Thereafter, White was brought to Erie County and tried on the Erie County indictment. White was convicted on December 8, 1954, and was sentenced on February 18, 1955.

On July 31, 1957, the District Attorney of Erie County obtained an order directing the return of the defendants from Attica State Prison for arraignment and trial upon the Erie County indictment. The defendants were arraigned on August

12, 1957. Shortly thereafter, on August 28, 1957, they moved to dismiss the indictment under section 668 of the Code of Criminal Procedure upon the ground that they had been denied their right to a speedy trial. It appears from the statement of the Assistant District Attorney at the hearing before the County Judge that the defendant Schwartz had written to the District Attorney on May 1, 1956, requesting '' that the warrants outstanding for them either be dropped or that some other proceeding be taken relative to them ''. In this letter, Schwartz pointed out that the defendants were subject to certain restrictions and were denied the opportunity to apply for certain jobs at the prison because of the fact that the indictments were outstanding and requested that '' something be done about it ''. The District Attorney indicated in reply that he could not do anything about it '' at that time ''. Later, in July, 1957, the defendant Schwartz wrote to the District Attorney again, requesting that something be done to dispose of the indictment. In response thereto, the District Attorney procured the order referred to above and brought the defendants back from Attica for trial.

After the denial of their motion to dismiss the indictment, the defendants pleaded guilty to the reduced charge of robbery in the third degree. The defendants were sentenced to serve terms of from 5 to 10 years, to commence upon the expiration of their prior sentences.

Upon this appeal from the judgment of conviction, the defendants bring up for review the intermediate order denying their motion to dismiss. This they have the right to do; their plea of guilty did not waive their motion for dismissal (*People* v. *Chirieleison,* 3 N Y 2d 170).

That the District Attorney had been guilty of undue delay in bringing the case to trial cannot be questioned upon this record. More than three and one-half years had elapsed from the time of the indictment. The District Attorney could have obtained an order to bring the defendants to Erie County from the county jail or State prison at any time for arraignment and trial (Code Crim. Pro., § 298–b).

Under the rule laid down in *People* v. *Prosser* (309 N. Y. 353) the defendants were entitled to a dismissal of the indictment in the absence of a showing of good cause for the delay and there was none here (see, also, *People* v. *Chirieleison, supra*).

There is nothing in the record to show a waiver by the defendants of their right to a speedy trial. In fact, it appears that in May, 1956, more than a year before they were brought back for arraignment and trial, the defendants had asked for a disposi-

tion of the case. The District Attorney offered no evidence whatever tending to show that he had good cause for delaying the trial. The motion to dismiss should accordingly have been granted.

It may be noted that a dismissal under section 668 of the Code of Criminal Procedure for undue delay is not a bar to another prosecution for the same offense, '' if the offense charged be a felony '', as it is here (Code Crim. Pro., § 673). The robbery, which is the basis of the indictment here under consideration, is charged to have been committed on January 1, 1954. The District Attorney will therefore have until January 1, 1959, in which to seek a new indictment for the offense, if he desires to continue the prosecution, notwithstanding the dismissal of the indictment.

Reference has been made by the attorneys for both parties to section 669-a of the Code of Criminal Procedure, as added by chapter 440 of the Laws of 1957, which went into effect September 1, 1957. The new section authorizes a defendant who is in prison under a judgment of conviction to make a written request for a final disposition of an outstanding indictment and requires the District Attorney to bring the case to trial within 180 days thereafter, unless, for good cause shown, the court grants a necessary or reasonable continuance. In the event that the action is not brought to trial within the period of time specified, the statute provides the court shall no longer have jurisdiction of the indictment and '' the court shall enter an order dismissing the same with prejudice ''. Such a dismissal, as distinguished from a dismissal under section 668 is a bar to any further prosecution for the same offense (see § 673, as amd. by L. 1957, ch. 440).

We need not decide in this case what effect, if any, the new section has upon the right of a defendant to a dismissal under section 668 of the code (cf. *People* v. *Segura,* 12 Misc 2d 279). The new section is not applicable to the present case, because it went into effect after the accrual of the period of delay and after the making and disposition of the motion to dismiss the indictment, although it was in effect at the time of the defendants' entry of the plea of guilty after the denial of their motion to dismiss. Section 669-a has been held to be retroactive in the sense that it applies to persons who were in prison under sentences imposed prior to September 1, 1957 (1957 Atty. Gen., Sept. 20, 1957) but it obviously cannot be given retroactive effect with respect to any delay which had occurred prior to September 1, 1957.

The judgments appealed from should be reversed and the indictments dismissed.

All concur. Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

Judgments of conviction reversed on the law and facts and indictments dismissed.